IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **MARY K. ROSE,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 1:21-cv-00532** |
| v. | |
| **FREEDOM RAILCAR SOLUTIONS, LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Mary K. Rose ("Plaintiff" or "Rose") hereby complains of Freedom Railcar Solutions, LLC ("Freedom" or "Defendant") and would respectfully show this Honorable Court the following:

### I.   INTRODUCTION

1. This is a discrimination case on the basis of Plaintiff's sex that arises under the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000(e) *et seq.* ("the Act").

2. This action seeks back pay, front pay, actual damages, compensatory damages, punitive damages, consequential damages, expert witness fees, court costs, attorney's fees, and pre-judgment and post-judgment interest.

3. Plaintiff has exhausted all administrative prerequisites to the filing of this suit as required by law.

## II.     PARTIES

4. Plaintiff is a resident of Orange County, Texas. At all material times, Plaintiff was employed by Defendant in Beaumont, Jefferson County, Texas.

5. Defendant is a foreign limited liability company licensed to do and conducting business in the State of Texas. Defendant may be served with process through its registered agent, Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701,

## III.     JURISDICTION

6. This action is brought under the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000(e) *et seq.* Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S. Code § 1331.

7. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Texas—Beaumont Division.

8. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

9. Plaintiff was employed by Defendant in Beaumont, Jefferson County, Texas.  Accordingly, venue is proper in this jurisdiction because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the United States District Court for the Eastern District of Texas—Beaumont Division, pursuant to 28 U.S. Code § 1391(b)(2).

## IV.     FACTS

10. Plaintiff Mary K. Rose began working for Freedom Railcar Solutions as a repair tech on or about October 25, 2019.  Plaintiff repaired brakes and other mechanical issues on trains.

11. Plaintiff learned that she was pregnant in May 2020. Plaintiff immediately informed her boss, James McConnaughey ("McConnaughey"), about the pregnancy and requested an accommodation to avoid the heavy lifting and prolonged standing that was often required on her job. McConnaughey responded, "let me look in the handbook and I'll get back with you." McConnaughey never followed up with Plaintiff about her accommodation request.

12. Plaintiff had no disciplinary or performance issues prior to requesting an accommodation for her pregnancy. On or about June 16, 2020, Plaintiff was late to work and did not have a phone to inform Defendant in advance per company policy. She received a verbal warning despite there being no interruption to work and explaining that her tardiness was due to the recent eviction from her apartment.

13. On or about July 7, 2020, Plaintiff received the first written warning alleging that she utilized time on the clock for personal business because McConnaughey briefly observed Plaintiff using the phone in her car. Plaintiff was also disciplined in the same write up for incomplete documents discovered during a post-audit inspection and allegedly not responding to a repair request.

14. On or about July 24, 2020, Plaintiff experienced serious pain in her pelvic area after being on her feet for over two hours at work. Another repair tech, Brent Morris, and a tank forum employee witnessed Plaintiff in pain. This situation could have been avoided had McConnaughey took seriously Plaintiff's accommodation request months earlier.

15. On July 30, 2020, Plaintiff provided McConnaughey with a doctor's note regarding work restrictions for the remainder of her pregnancy. McConnaughey immediately commented, "I guess that takes you off the job," when Plaintiff handed him the doctor's note. Plaintiff

        was terminated just hours after turning in the doctor's note, in part, for allegedly tapping into Defendant's hotspot for personal use on her phone during work hours.

16. Neither McConnaughey nor anyone in management notified Plaintiff of any concerns about the hotspot data usage. If McConnaughey had spoken to Plaintiff, he would have learned that Plaintiff remained tapped into the hotspot throughout the work day to clock in/out from work on her personal phone. She was not handling personal business via Defendant's hotspot.

17. The final written warning at termination also stated that Plaintiff did not perform any work on July 16-17, 2020 and July 22, 2020. Plaintiff checked the board to confirm that no railcars came through the yard on those days via radio. Jefferson Energy did not send any emails regarding railcar repairs. Thus, Plaintiff did not have any work orders to complete.

18. It is also important to note that fellow repair tech, Brent Morris ("Morris"), used his phone while sitting in his vehicle almost daily for several hours at a time. However, Morris was never written up or terminated for handling personal business at work.

19. Like Plaintiff, Morris and another repair tech Derek Smith ("Smith") were written up on July 7, 2020, for the incomplete documents discovered during a post-audit inspection and not responding to a repair request. Morris admitted to Plaintiff that he received two separate write ups for said incidents. Morris and Smith had previously received a write up due to their verbal altercation at work. Thus, upon information and belief, by July 2020 Morris had at least three disciplinary actions against him that should have warranted termination, but he was not terminated.

20. Plaintiff worked for Defendant for over seven (7) months without incident until she became pregnant. Plaintiff's write ups, only received after Defendant was made aware of the pregnancy, involved extenuating personal circumstances and untrue allegations. Plaintiff was treated less favorably than her male peers Morris and Smith by being disciplined more harshly for the same offenses.

21. Defendant unlawfully terminated Plaintiff on the basis of her sex because she was pregnant, in violation of the Pregnancy Discrimination Act.

22. In terminating Plaintiff because of her pregnancy, Defendant acted with malice and/or with reckless indifference to Plaintiff's legally protected rights. As a direct result of Defendant's actions, Plaintiff has suffered damages.

## V.     CAUSE OF ACTION: SEX/PREGNANCY DISCRIMINATION

23. Defendant's actions set forth above, as well as other facts that will be developed through discovery, violated the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e) *et seq*.

24. Defendant discriminated against Plaintiff because of her sex once she became pregnant and ultimately terminated Plaintiff because of her pregnancy.

25. As a result of Defendant's wrongful conduct, Plaintiff was injured and is entitled to recover damages.

## VI.     JURY DEMAND

26. Plaintiff hereby makes a request for a jury trial in this cause, and has paid the required jury fee.

## VII.     DAMAGES

27.     As a result of Defendant's conduct, Plaintiff seeks the following relief: (1) past and future lost wages and benefits; (2) out of pocket expenses; (3) costs of court and attorney's fees; (4) past and future mental anguish and emotional distress damages; (5) compensatory damages; and (6) all other damages to which she shows herself entitled, whether in equity or at law.

28.     Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff. She is, therefore, entitled to punitive damages and all other damages available under the Pregnancy Discrimination Act to deter this type of conduct in the future.

## VIII.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be summoned to appear and answer herein, and that upon final hearing of this cause, Plaintiff is granted the following relief:

i. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein, including actual damages, special damages, compensatory damages, lost wages, emotional damages, punitive damages, lost benefits, pre-judgment and post-judgment interest, and any other damages as allowed by law;

ii. Attorney's fees, costs, and expenses, as permitted by law; and

iii. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By:    */s/ Taneska L. Jones*
      **Melinda Arbuckle**
      State Bar No. 24080773
      marbuckle@eeoc.net
      **Taneska L. Jones**
      State Bar No. 24106151
      tjones@eeoc.net
      11 Greenway Plaza, Suite 1515
      Houston, Texas 77046
      Telephone: (713) 621-2277
      Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS